**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4545**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEARON CHATMON LITTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00021-NCT-1)

Submitted:  April 14, 2022                                    Decided:  April 18, 2022

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Learon Chatmon Little appeals the district court's judgment revoking his supervised release and sentencing him to 16 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in finding that Little violated the conditions of his supervised release and whether Little's sentence is reasonable. Although notified of his right to file a pro se supplemental brief, Little has not done so. We affirm.

We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. *Id.* at 191 (citing 18 U.S.C. § 3583(e)(3)). Here, Little admitted four violations of his supervised release, including a Grade B violation for use of cocaine. Accordingly, the district court did not abuse its discretion in revoking Little's supervised release. *See* 18 U.S.C. § 3583(e); U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2018) ("Upon a finding of a Grade . . . B violation, the court shall revoke probation or supervised release.").

Next, counsel questions whether Little's sentence is reasonable. "We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021). Little's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. When reviewing whether a revocation sentence is

2

plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). Thus, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that Little's sentence is procedurally and substantively reasonable. The district court correctly identified the policy statement range, considered the relevant statutory factors, acknowledged Little's mitigation arguments, and gave sufficiently detailed reasons for selecting its within-range sentence. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for

3

appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Little, in writing, of the right to petition the Supreme Court of the United States for further review.  If Little requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Little.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*